Estate of Percy Freedman, Mona Freedman, Administratrix v. Commissioner.
Estate of Freedman v. Commissioner
Docket No. 1584-62.
United States Tax Court
T.C. Memo 1964-268; 1964 Tax Ct. Memo LEXIS 71; 23 T.C.M. (CCH) 1628; T.C.M. (RIA) 64268; October 9, 1964
*71 Francis X. Murphy, for the petitioner. Philip Shurman, for the respondent. WITHEY
Memorandum Findings of Fact and Opinion WITHEY, Judge: A deficiency has been determined in estate tax against petitioner in the amount of $12,106.25, subject to reduction by the credit for New York State death taxes. The only issue remaining after settlement on stipulation of all other issues raised by the pleadings is whether respondent has erred in including as taxable gross estate the entire amount of a bank account deposited in the names of petitioner's decedent and his brother. The settled issues will be given effect under Rule 50. The stipulated facts are so found. The decedent, Percy Freedman, died December 2, 1957, a resident of Erie County, New York. He was survived by his widow, Mona Freedman, and one child, Arthur Joseph Freedman. He was also survived by his brothers, Albert Freedman and Aaron Freedman. Mona Freedman, decedent's surviving spouse, was appointed administratrix of the goods, chattels, and credits of decedent by order of the Surrogate's Court of Erie County, dated December 18, 1957, and is still acting in such capacity. On July 13, 1951, a savings account, *72 No. XXXX, was opened with the Lincoln-East Side National Bank, Buffalo, New York, hereinafter referred to as the Lincoln account. The signature card of the Lincoln account contains a rubber stamp legend "EITHER OR SURVIVOR" which was placed thereon in the ordinary course of the bank's business after inquiring of the depositors, decedent and his brother Albert Freedman, their intent. The rubber stamp legend was placed thereon at the time of the opening of the account and in the presence of the depositors. Only one signature was required for withdrawal of any deposits in the Lincoln account. The reverse side of the signature card is a contract of a joint account. On December 2, 1957, savings account No. XXXX in Lincoln contained a balance of $21,340.85. Ultimate Findings The relationship of the depositors with the bank is as set forth in the signature card. Decedent and Albert Freedman opened account No. XXXX in the Lincoln-East Side National Bank as joint tenants. Opinion There is no dispute between the parties as to the applicable law of this case. Their only difference is a question of fact, i.e., was the bank account held by decedent and his brother at the date of his *73 death held by them as tenants in common, as contended by petitioner, or as joint tenants, as found by respondent. If the account was held by them as tenants in common, the parties agree only half thereof is includable in decedent's gross estate; if in joint tenancy, the entire amount of the account is includable. Two persons, decedent during his life and his brother, went to the bank to open a savings account on July 13, 1951. Seven thousand five hundred dollars was deposited in the bank for that purpose. Both parties signed a signature card on that date and both parties signed a bank ledger card evidencing the opening deposit. Subsequent to the signing of both, a rubber stamp was impressed on the signature card so that the legend "EITHER OR SURVIVOR" appears thereon. In the ordinary course of the bank's business such a stamp would be used only to express the stated intention of the depositors as indicated at the time of their signing of the document. There is no oral evidence here that this was not done for the same reason in this instance. It is true that on the reverse side of the signature card a form of express contract for the opening of a joint tenancy account is printed, *74 with spaces available for signatures, and that the card in question bears no signatures in such spaces, but we are not impressed with this fact due to the lack of available oral testimony on the subject. Petitioner called as a witness a vice president of the bank in which the disputed account was opened. He testified that the bank officer who had aided decedent and his brother in opening the account had died prior to the hearing hereof. His testimony on direct examination was to the effect that in the ordinary procedure of the bank the signatures would have been placed on the signature and ledger card first and thereafter the "EITHER OR SURVIVOR" stamp imprinted in the event such disposition of the account was stated to be the intention of the depositors. Although the burden to show that the account was a tenancy in common was upon it, petitioner did not question the witness regarding the apparent ambiguity arising because of the unsigned joint tenancy contract, on the one hand, and the stamped legend on the face thereof, on the other. We are justified in assuming that had the witness been so questioned, his answer would have been to the detriment of petitioner. This issue must *75 be determined by discovery of the intention of decedent and his brother at the opening of this account. . The burden is clearly petitioner's to establish such intention by a preponderance of evidence. The brother, Albert Freedman, was alive during the hearing hereof. Although subpoenaed by petitioner, he did not appear to testify and petitioner did not seek either to enforce the subpoena or move for a continuance for that purpose. We are also justified in concluding that had the brother appeared, he would have testified adversely to petitioners. Indeed, it might well be that had Albert testified, he would have established the fact that, as suggested by the bank officer's testimony as to ordinary bank procedures, decedent and his brother directed that the account be held in joint tenancy. Petitioner has failed to sustain its burden of proof as to the intended existence of a tenancy in common in the questioned account. Petitioner cites as the only necessary case authority to sustain its position the case of . In that case the court had *76 before it fewer facts than are presented herein even though the facts there presented are included in principle in the present record. There, as here, the documentary evidence was inconclusive as to the intention of the two depositors involved. For this reason we think the New York Court swung its decision upon the technical provisions of state banking laws relating to the character of bank accounts and the present day tendency of courts to favor tenancies in common. At the same time that court recognized that the intentions of depositors, where such intentions may be determined, are controlling as to whether a given bank account is in joint tenancy or tenancy in common. Here we have additional probabilities as to facts concerning the intentions of the depositors which probabilities take on the force of actual fact when not rebutted by petitioner, which faces the burden of overcoming the presumption of correctness which initially attaches to the respondent's determination of a deficiency. These additional facts are (1) that had petitioner's witness, the bank vice president, been questioned concerning the absence of signatures to the express contract of joint tenancy appearing upon *77 the reverse side of the signature card in question, his testimony would have been adverse to petitioner's contention that such absence indicates an intention on the part of the depositors not to deposit in a joint tenancy and (2) that had petitioner called the only surviving depositor, Albert Freedman, as a witness, his testimony would also have indicated an intention adverse to that claimed by petitioner. In , the burden of proof was upon the proponent of a joint tenancy, while here the burden is reversed. We believe in this situation the New York Court would have decided that case in favor of a joint tenancy. Petitioner also relies heavily upon section 134(3) of the Banking Law of New York, which is as follows: When a deposit of cash or securities shall have been made by any person in the name of such depositor and another person and in form to be paid or delivered to either, or the survivor of them, such deposit thereupon and any additions thereto made, by either of such persons, upon the making thereof, shall become the property of such persons as joint tenants, and the same, together with all accruals thereon, shall be held for the *78 exclusive use of the persons so named, and may be paid or delivered to either during the lifetime of both, or to the survivor after the death of one of them * * * Contrary to petitioner's contention, we do not consider this statute to be in any way conclusive of the issue before us for it does not designate the only method by which a bank account may be opened in joint tenancy. It provides only that, if without specifically being so designated, an account will nevertheless be a joint tenancy provided the initiation thereof falls within the actions enumerated in the statute. Even though it were admitted, arguendo, that the statute did provide the only method by which a bank account could be held by joint tenancy, petitioner has not shown that the deposit in question was not made by Percy Freedman in the name of himself and Albert Freedman in form to be paid or delivered to either or the survivor. Indeed, meager though the evidence may be, it is clear that in the ordinary course of the bank's business the stamped form "EITHER OR SURVIVOR" was imprinted on the signature card only at the direction of decedent and Albert. Under the cited statute therefore the deposit constitutes a joint *79 tenancy in New York. Respondent's determination of deficiency on this issue is sustained. Decision will be entered under Rule 50.